UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
AT LAW AND IN ADMIRALTY

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ONE 2005 HARLEY DAVIDSON
FLHT MOTORCYCLE, VEHICLE
IDENTIFICATION NUMBER
(VIN) 1HD1DDV135Y634671, WITH
ALL APPURTENANCES AND
ATTACHMENTS THEREON, AND

ONE 1999 HARLEY DAVIDSON
MOTORCYCLE, VEHICLE
IDENTIFICATION NUMBER
(VIN) 1HD1FLW10XY602251, WITH
ALL APPURTENANCES AND
ATTACHMENTS THEREON,

        Defendants.

Case No.

**VERIFIED COMPLAINT FOR
CIVIL FORFEITURE IN REM**

      The United States of America, by its attorneys, Michelle L. Jacobs, Acting United States Attorney for the Eastern District of Wisconsin, and Scott J. Campbell, Assistant United States Attorney for said district, alleges as follows:

      1.      This is a civil action *in rem* brought to enforce the provisions of Title 21, United States Code, Section 881(a)(6), which provides for the forfeiture of properties which were used or intended to be used in exchange for controlled substances, or represent proceeds of trafficking in controlled substances, or were used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.*

2. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant properties. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

3. This Court has *in rem* jurisdiction over the defendant properties under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the properties pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

5. The defendants are one 2005 Harley Davidson FLHT motorcycle bearing vehicle identification number (VIN) 1HD1DDV135Y634671, and one 1999 Harley Davidson motorcycle bearing vehicle identification number (VIN) 1HD1FLW10XY602251 seized from the residence of Lon J. Battersby, Sr. located at 1310 22nd Avenue, Kenosha, Wisconsin, on or about June 3, 2009. The defendant properties are presently in the custody of the United States Marshal Service in Milwaukee, Wisconsin.

6. The facts and circumstances supporting the seizure and forfeiture of the defendant properties are contained in the affidavit of Special Agent Bernard D. Bolf of the Drug Enforcement Administration, which is attached hereto as Exhibit A and is fully incorporated herein by reference.

7. On or about August 20, 2009, a claim for the defendant 2005 Harley Davidson FLHT motorcycle bearing vehicle identification number (VIN) 1HD1DDV135Y634671 was filed by claimant Lon Battersby, Sr.

2

8. On or about August 20, 2009, a claim for the defendant 1999 Harley Davidson motorcycle bearing vehicle identification number (VIN) 1HD1FLW10XY602251 was filed by claimant John Lootans.

9. The defendants, one 2005 Harley Davidson FLHT motorcycle bearing vehicle identification number (VIN) 1HD1DDV135Y634671, and one 1999 Harley Davidson motorcycle bearing vehicle identification number (VIN) 1HD1FLW10XY602251, were used, or intended to be used, in exchange for controlled substances, or represent proceeds of trafficking in controlled substances, or were used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801, *et seq.*, and are, therefore, subject to forfeiture to the United States of America pursuant to Title 21, United States Code, § 881(a)(6).

WHEREFORE, the United States of America prays that a warrant of arrest for the defendant properties, one 2005 Harley Davidson FLHT motorcycle bearing vehicle identification number (VIN) 1HD1DDV135Y634671, and one 1999 Harley Davidson motorcycle bearing vehicle identification number (VIN) 1HD1FLW10XY602251, be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment declare the defendant properties to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such

other and further relief as this Court may deem just and equitable, together with the costs and

disbursements of this action.

>
> Respectfully submitted,
>
> MICHELLE L. JACOBS
> United States Attorney
>
> By: s/SCOTT J. CAMPBELL
> Assistant United States Attorney
> Scott J. Campbell Bar Number: 1017721
> Attorney for Plaintiff
> Office of the United States Attorney
> Eastern District of Wisconsin
> 517 East Wisconsin Avenue, Room 530
> Milwaukee, Wisconsin 53202
> Telephone:(414) 297-1700
> Fax:(414) 297-1738
> E-Mail: scott.campbell@usdoj.gov

4

## *Exhibit A*

## AFFIDAVIT IN SUPPORT OF VERIFIED COMPLAINT FOR CIVIL FORFEITURE IN REM OF ONE 2005 HARLEY DAVIDSON FLHT MOTORCYCLE, ET AL.

I, Bernard D. Bolf, being first duly sworn on oath, do hereby depose and say:

1. I am employed as a Special Agent with the Drug Enforcement Administration in Green Bay, Wisconsin, and have been employed as a Special Agent since 1990. I have received extensive training in the field of narcotics/drug enforcement. My present duties require me to investigate violations of Title 21, United States Code, Sections 841(a)(1) and 846, which are violations of the Federal Controlled Substances Act. Through my training and experience, I am familiar with the ways and means of narcotics trafficking in the United States, and specifically in the State of Wisconsin. All of the information contained in this affidavit is either the result of personal observation and investigation or has been relayed to me by other members of the law enforcement community or citizen witnesses, all of whom I believe to be truthful and reliable.

2. This affidavit is submitted in support of a Verified Complaint for Civil Forfeiture *in rem* of one 2005 Harley Davidson FLHT motorcycle bearing vehicle identification number (VIN) 1HD1DDV135Y634671, and one 1999 Harley Davidson motorcycle bearing vehicle identification number (VIN) 1HD1FLW10XY602251. Based upon information I believe to be truthful and reliable, I submit that the defendant properties were furnished or intended to be furnished to any person in exchange for a controlled substance in violation of Chapter 13, Subchapter 1, Title 21 of the United States Code, or are proceeds traceable to such an exchange,

or were used or intended to be used to facilitate any violation of Chapter 13, Subchapter 1, of Title 21 of the United States Code.

3. On June 1, 2009, Detective Schwartz of the Kenosha County Sheriff's Department/Kenosha Drug Operations Group applied for, and obtained, a narcotics search warrant for the residence of Lon J. Battersby, Sr. located at 1310 22nd Avenue, Kenosha, Wisconsin. The search warrant also authorized officers to search any outbuildings located on the premises of the 1310 22nd Avenue property. The Affidavit submitted in support of the application for search warrant is attached hereto as Exhibit 1 and incorporated herein by reference. The Affidavit provides detailed information regarding the use of confidential informants to conduct 7 controlled purchases of cocaine from Battersby from November 2008 through May 2009 at Battersby's 1310 22nd Avenue property. The Affidavit also provides information indicating that Battersby is affiliated with the Sin City Riders Motorcycle Club.

4. On June 3, 2009, at approximately 10:00 a.m., officers conducting surveillance at Lon Battersby, Sr.'s 1310 22nd Avenue property observed Battersby enter the passenger side of a gray pickup truck which was then driven away from the area. Officers subsequently conducted a traffic stop on the gray pickup truck and took Battersby into custody. Following Battersby's arrest, officers executed the search warrant at the 1310 22nd Avenue property. No persons were present at the 1310 22nd Avenue property at the time officers conducted the search.

5. During the search of residence and the outbuildings located on the premises of Lon Batterby, Sr.'s 1310 22nd Avenue property, officers observed closed circuit television monitors located on the wall inside the living room of the residence and located on a

2

bar inside a "clubhouse" in an outbuilding on the property. The television monitors were wired directly to an exterior mounted camera system which provided views of the surrounding property. In addition to the television monitors and security cameras used at the property, officers also discovered a security alarm installed at the property that would alert anyone inside the residence when vehicles entered the driveway on the property.

6. During the search of Lon Battersby, Sr.'s 1310 22nd Avenue residence, officers discovered the following items: boxes of plastic sandwich baggies; empty plastic baggies with missing corners; a plastic bag containing approximately 7.6 grams of suspected cocaine; 6 rounds of ammunition; drug paraphernalia; a digital scale; a small Honeywell safe; and a large safe. Located inside the large safe were the following items: a Jennings .22 caliber pistol; a total of approximately 354.1 grams of suspected cocaine in various-sized packages; Battersby's wallet; a ledger/memo pad; IOU paperwork; and $2,330 in United States currency. Included amongst the $2,330 in United States currency was $40 in pre-recorded buy money that a confidential informant had used to purchase cocaine from Battersby on May 29, 2009.

7. Based on my training and experience, I am aware that individuals involved in drug trafficking and other illegal activities generate large amounts of currency from their activities. Drug dealers use the currency to purchase additional illegal drugs and expensive personal items such as vehicles, motorcycles, electronics, jewelry and real estate. In order to avoid attracting suspicion by depositing large amounts of currency into bank accounts, drug dealers often carry large amounts of currency on their person and/or store large amounts of currency in residences, vehicles, and safe deposit boxes. Based on my training and experience, I

3

am also aware that the federal courts recognize that unexplained wealth is probative evidence of crimes motivated by greed, including trafficking in controlled substances.

8. During the search of the east garage located at the 1310 22nd Avenue property, officers discovered and seized a 2005 Harley Davidson FLHT motorcycle bearing (VIN) 1HD1DDV135Y634671 with Wisconsin plate RQ576, and a 1999 Harley Davidson motorcycle (VIN) 1HD1FLW10XY602251 with Wisconsin plate UJ304, both of which were titled and registered to Lon J. Battersby, Sr. at the 1310 22nd Avenue address.

9. Officers tested samples of the suspected cocaine discovered inside Lon Battersby Sr.'s 1310 22nd Avenue residence using a Nark II #7 test kit and obtained positive results for the presence of cocaine for the samples tested.

10. On June 5, 2009, Lon J. Battersby, Sr. was charged by the State of Wisconsin in Kenosha County with 1 count of felony cocaine possession with intent, >40 grams, 1 count of felony felon in possession of a firearm, 1 count of felony maintaining a drug trafficking place, 1 count of felony cocaine possession with intent, 5-15 grams, 5 counts of felony manufacture/deliver cocaine, 5-15 grams, 1 count of felony manufacture/deliver cocaine, 1-5 grams, and 1 count of misdemeanor possession of drug paraphernalia. On August 20, 2009, Battersby pled guilty to felony cocaine possession with intent, >40 grams, and felony felon in possession of a firearm. On November 3, 2009, Battersby was sentenced to 7 years in state prison and 8 years of extended supervision.

11. Following Lon Batterby Sr.'s June 3, 2009 arrest, officers obtained detailed information from a confidential informant ("CI") regarding Battersby's sources of income and spending habits. The CI advised officers that Battersby has not been gainfully

4

employed since 2004 and that Battersby received no social security or other income during this time. The CI further advised officers that Battersby supported himself entirely through the sales of powder cocaine. In regards to Battersby's 2005 purchase of the 2005 Harley Davidson FLHT motorcycle, the CI told officers that Battersby initially financed the purchase of the 2005 Harley Davidson FLHT motorcycle, but that Battersby paid off the entire balance of the loan using drug proceeds. In regards to Battersby's purchase of the 1999 Harley Davidson motorcycle, the CI told officers that Battersby purchased the 1999 Harley Davidson motorcycle in 2007 with $10,000 in drug proceeds. The CI also told officers that Battersby made other large purchases of various recreational and electronic items using drug proceeds, and that Battersby always had a large amount of cash.

12. At the time of the June 3, 2009 seizure, the 2005 Harley Davidson FLHT motorcycle had 18,911 miles on it and was registered to Lon J. Battersby Sr. The Wisconsin Title and License Plate Application and Certificate of Title reflect that Battersby purchased the 2005 Harley Davidson FLHT motorcycle on September 2, 2005 from L&M Motors, Inc. for $16,115, and that Eaglemark Savings Bank held a security lien interest in the motorcycle. Records reflect that the lien interest held by Eaglemark Savings Bank on the 2005 Harley Davidson FLHT motorcycle was released on October 17, 2006.

13. At the time of the June 3, 2009 seizure, the 1999 Harley Davidson motorcycle had 41,572 miles on it and was registered to Lon J. Battersby, Sr. The Wisconsin Title and License Plate Application and Assignment of Certificate of Title reflect that Lon J. Battersby, Sr. purchased the motorcycle from Craig Rodgers in 2007 for $6,000.

14. The Drug Enforcement Administration commenced an administrative forfeiture action against the defendant properties, one 2005 Harley Davidson FLHT motorcycle bearing vehicle identification number (VIN) 1HD1DDV135Y634671, and one 1999 Harley Davidson motorcycle bearing vehicle identification number (VIN) 1HD1FLW10XY602251, on or about July 9, 2009. On or about August 20, 2009, Lon Battersby, Sr. filed a claim to the defendant property, one 2005 Harley Davidson FLHT motorcycle bearing vehicle identification number (VIN) 1HD1DDV135Y634671. On or about August 20, 2009, an individual identified as John Lootans filed a claim to the defendant property, one 1999 Harley Davidson motorcycle bearing vehicle identification number (VIN) 1HD1FLW10XY602251.

15. In his August 20, 2009 claim, filed under penalty of perjury, John Lootans alleges that he purchased the 1999 Harley Davidson motorcycle from Lon Battersby Sr. on June 1, 2009, and was to pick up the motorcycle on the weekend of June 6-7, 2009. Included with his August 20 claim is a copy of a Wisconsin Certificate of Title for the 1999 Harley Davidson motorcycle listing John R. Lootans as the titled owner, however, the date of issuance of the document is listed as July 29, 2009. Thus, the Wisconsin Certificate of Title listing John R. Lootans as the titled owner of the 1999 Harley Davidson motorcycle was issued a full 8 weeks after the June 3, 2009 seizure of the motorcycle from Battersby's residence.

16. On September 2, 2009, Detective Schwartz of the Kenosha County Sheriff's Department/Kenosha Drug Operations Group met with John Lootans and spoke with Lootans about the claim he filed to the 1999 Harley Davidson motorcycle ("1999 Harley"). Lootans told Detective Schwartz that he purchased the 1999 Harley from Battersby on June 1, 2009 for $1,400, but that he did not have any proof of the payment because Lootans used cash he

6

had in his residence to pay for the 1999 Harley. Lootans also told Detective Schwartz that he thought Battersby had purchased the 1999 Harley from "Bubba" in 2007 for approximately $5,000. When asked why it had taken him so long - 8 weeks - to register the 1999 Harley, Lootans responded that he just never got around to registering it until then. While speaking with Detective Schwartz, Lootans stated that although he purchased the 1999 Harley from Battersby on June 1, he (Lootans) would have to sell the 1999 Harley back to Battersby after Battersby got out of jail. Additionally, while speaking with Detective Schwartz, Lootans voluntarily stated that he would be willing to default on the 1999 Harley if it meant that Detective Schwartz would not be furthering his investigation by "looking at him."

17. As part of this investigation, I reviewed the criminal history records of John R. Lootans. The records reflect that Lootans has a 2002 conviction for misdemeanor possession of cocaine/coca.

18. Based on my training and experience, the evidence received and the information obtained, I believe that the claimant, John Lootans, is not the true owner of the defendant property, one 1999 Harley Davidson motorcycle.

19. Based on my training and experience, the evidence received and the information obtained, I submit that the true owner of the defendant property, one 1999 Harley Davidson motorcycle is Lon Battersby, Sr. Furthermore, based on my training and experience, the evidence received and the information obtained, I believe that the defendant properties, one 2005 Harley Davidson FLHT motorcycle bearing vehicle identification number (VIN) 1HD1DDV135Y634671, and one 1999 Harley Davidson motorcycle bearing vehicle identification number (VIN) 1HD1FLW10XY602251, seized from the residence of Lon

7

Battersby, Sr. located at 1310 22nd Avenue, Kenosha, Wisconsin, on June 3, 2009, are properties that were furnished or intended to be furnished to any person in exchange for a controlled substances, or are proceeds traceable to trafficking in controlled substances.

                                                  s/BERNARD D. BOLF

Subscribed and sworn to before me
this __10th__ day of __November__, 2009.

s/MARY G. ORLOWSKI
Notary Public, State of Wisconsin
My commission: __expires 1-24-2010__.

8

| STATE OF WISCONSIN | ) | |
|---|---|---|
| | ) ss. | AFFIDAVIT FOR SEARCH WARRANT |
| COUNTY OF KENOSHA | ) | |

In the Circuit Court of the County of Kenosha:

Detective Schwartz #161, being duly sworn, says that on the 1st day of June, 2009, in said County, in and upon said County, occupied by Lon J. Battersby, SR and more particularly described as follows: wood framed ranch styled single family residential dwelling, gray colored exterior vinyl sided with white colored trim and detached dual stall gray colored exterior vinyl sided with white trim garage located at 1310 22nd avenue. This search warrant shall include any and all vehicles and all out buildings located on said property.

There are now located and concealed certain things or persons or other items of evidence, namely: cocaine, packaging materials, scales, drug records, financial records, US-Currency, cell phones, computers and any other items of evidence utilized in the possession of or manufacture of controlled substances.

__X__ possessed for the purpose of evading or violating the laws of the State of Wisconsin and contrary to Section 961.41(1m)(cm) of the Wisconsin Statutes.

_____ which things were stolen from their true owner, in violation of Section 943.10 of the Wisconsin Statutes.

_____ which things were used in the commission of a crime.

__X__ which things may constitute evidence of a crime, specifically: possession with the intent to deliver cocaine.

The facts tending to establish the grounds for issuing a search warrant are as follows: Your Affiant is a law enforcement officer employed by the Kenosha County Sheriff's Department with 17 years of experience and is currently a Detective assigned to the Kenosha Drug Operations Group (K-

EXHIBIT A

DOG) responsible for investigating drug related crimes. Your Affiant has received specific/specialized narcotic related training and has been involved in numerous narcotic related investigations and bases this affidavit on his own investigation, and upon information and investigative reports provided by other Detectives who he believes to be truthful and reliable, and also from Confidential Informants.

That in November 2008, Detective Schwartz met with a Confidential Informant #1 who knew a subject named Lon Battersby, SR. Lon Battersby, SR was commonly referred to by this Confidential Informant as "HaHa". The Confidential Informant told Detective Schwartz that Lon Battersby, SR was affiliated with the Sin City Riders Motorcycle Club and that Lon Battersby, SR sold powder cocaine for US-Currency out of his (Battersby, SR) residence located at 1310 22nd avenue. The Confidential Informant told Detective Schwartz that the Confidential Informant has had a twenty year relationship with Lon Battersby, SR and witnessed Lon Battersby, SR selling powder cocaine from his (Battersby, SR) residence. The Confidential Informant told Detective Schwartz that Lon Battersby, SR has conducted powder cocaine drug transactions with the Black Piston motorcycle club and the High Riders motorcycle club. The Confidential Informant told Detective Schwartz that these particular motorcycle clubs are known affiliates of the Outlaw motorcycle club. The Confidential Informant told Detective Schwartz that the Sin City Riders club house is located inside a large outbuilding west of Lon Battersby, SR residence and that the Confidential Informant attended functions inside this club house with members of the Black Pistons, High Riders and Outlaw motorcycle members present. The Confidential Informant told Detective Schwartz that the Confidential Informant had the cell number for Lon Battersby, SR and would be able to purchase powder cocaine from Lon Battersby, SR upon contacting him. Detective Schwartz then told the Confidential Informant to make future arrangements with Lon Battersby, SR for the purchase of powder cocaine.

That on November 4, 2008 the Confidential Informant #1 contacted Detective Schwartz with arrangements made with Lon Battersby, SR for the purchase of powder cocaine. Later that same day, the Informant, working under the supervision of K-DOG, conducted a controlled buy of a large amount of

powder cocaine in exchange for $200.00. During this particular investigation, The Confidential Informant met with Lon Battersby, SR at 1310 22nd avenue (Lon Battersby, SR residence), and completed the drug transaction. Sgt. Urquhart assisted with surveillance and observed the Confidential Informant arriving and later leaving the Lon Battersby, SR residence. Refer to case #2008-152783.

That on November 11, 2008 the Confidential Informant #1 contacted Detective Schwartz with arrangements made with Lon Battersby, SR for the purchase of powder cocaine. Later that same day, the Informant, working under the supervision of K-DOG, conducted a controlled buy of a large amount of powder cocaine in exchange for $200.00. During this particular investigation, The Confidential Informant met with Lon Battersby, SR at 1310 22nd avenue (Lon Battersby, SR residence), and completed the drug transaction. Detective Lucci assisted with surveillance and observed the Confidential Informant arriving and later leaving the Lon Battersby, SR residence. Refer to case #2008-156147.

That on December 1, 2008 the Confidential Informant #1 contacted Detective Schwartz with arrangements made with Lon Battersby, SR for the purchase of powder cocaine. Later that same day, the Informant, working under the supervision of K-DOG, conducted a controlled buy of a large amount of powder cocaine in exchange for $200.00. During this particular investigation, The Confidential Informant met with Lon Battersby, SR at 1310 22nd avenue (Lon Battersby, SR residence), and completed the drug transaction. Detective Lucci assisted with surveillance and observed the Confidential Informant arriving and later leaving the Lon Battersby, SR residence. Refer to case #2008-165123.

That on December 17, 2008 the Confidential Informant #1 contacted Detective Schwartz with arrangements made with Lon Battersby, SR for the purchase of powder cocaine. Later that same day, the Informant, working under the supervision of K-DOG, conducted a controlled buy of a large amount of powder cocaine in exchange for $200.00. During this particular investigation, The Confidential Informant met with Lon Battersby, SR at 1310 22nd avenue (Lon Battersby, SR residence), and completed the drug transaction. Detective Lucci assisted with surveillance and observed the Confidential Informant arriving and later leaving the Lon Battersby, SR residence. Refer to case #2008-172646.

That in January 2009, Detective Schwartz met with a Confidential Informant #2 that knew a subject named Lon Battersby, SR, commonly referred to as "HaHa". This Confidential Informant told Detective Schwartz that Lon Battersby, SR was a known affiliate of the Sin City Riders Motorcycle Club and sold powder cocaine for US-Currency. This Confidential Informant told Detective Schwartz the Confidential Informant observed Lon Battersby, SR sell powder cocaine and subsequently abuse powder cocaine while attending Sin City Riders motorcycle functions in the Sin City Riders club house located inside a large outbuilding on Lon Battersby, SR property to the west of his residence. The Confidential Informant told Detective Schwartz that the Confidential Informant had Lon Battersby, SR cell phone number and would be able to purchase powder cocaine form Lon Battersby, SR upon contacting him. Detective Schwartz then told this Informant to make future arrangements with Lon Battersby, SR for the purchase of the powder cocaine.

That on January 23, 2009 the Confidential Informant #2 contacted Detective Schwartz with arrangements made with Lon Battersby, SR for the purchase of powder cocaine. Later that same day, the Informant, working under the supervision of K-DOG, conducted a controlled buy of a large amount of powder cocaine in exchange for $150.00. During this particular investigation, The Confidential Informant met with Lon Battersby, SR at 1310 22nd avenue (Lon Battersby, SR residence), and completed the drug transaction. Detective Lucci assisted with surveillance and observed the Confidential Informant arriving and later leaving the Lon Battersby, SR residence. Refer to case #2009-10984.

That on March 27, 2009 the Confidential Informant #1 contacted Detective Schwartz with arrangements made with Lon Battersby, SR for the purchase of powder cocaine. Later that same day, the Informant, working under the supervision of K-DOG, conducted a controlled buy of a large amount of powder cocaine in exchange for $200.00. During this particular investigation, The Confidential Informant met with Lon Battersby, SR at 1310 22nd avenue (Lon Battersby, SR residence), and completed the drug transaction. Refer to case #2009-44180.

That on May 29, 2009 the Confidential Informant #1 contacted Detective Schwartz with

arrangements made with Lon Battersby, SR for the purchase of powder cocaine. Later that same day, the Informant, working under the supervision of K-DOG, conducted a controlled buy of a large amount of powder cocaine in exchange for $200.00. During this particular investigation, The Confidential Informant met with Lon Battersby, SR at 1310 22nd avenue (Lon Battersby, SR residence), and completed the drug transaction. Detective Alfredson assisted with surveillance and observed the Confidential Informant arriving and later leaving the Battersby, SR residence. Refer to case #2009-78604.

Your Affiant, Detective Schwartz requests that this search warrant be issued for this address, 1310 22nd avenue, in order to retrieve items of evidence, namely: cocaine, packaging materials, scales, drug records, financial records, cell phones, computers, US-Currency and other items utilized in the possession of or manufacture of controlled substances.

WHEREFORE, Detective Schwartz requests that a search warrant be issued to search the described premises for the specified property or person and to bring the same, if found, before the Circuit Court for Kenosha County, to be dealt with according to law.

DET. _____ #161
Affiant

Subscribed and sworn to before me this 1st day of June, 2009.

BY THE COURT:
_____
Circuit Court Judge Bruce M. Schroeder
Kenosha County